## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| EILEEN BRODSKY and RHONDA DIAMOND, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>ALDI INC., COFFEE HOLDING COMPANY, INC. and PAN AMERICAN COFFEE CO. LLC,<br><br>    Defendants. | CIVIL ACTION NO. 1:20-CV-07632 |

---

### DEFENDANTS PAN AMERICAN COFFEE CO. LLC AND ALDI INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAITNIFFS' FIRSTS AMENDED CLASS ACTION COMPLAINT

---

**RILEY SAFER HOLMES & CANCILA LLP**
70 W. Madison Street, Suite 2900
Chicago, IL  60602
(312) 471-8700

**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
Morristown, NJ  07962
(973) 538-4006

*Attorneys for Defendants*
Pan American Coffee Co. LLC and Aldi Inc.

6455393

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................... iii

INTRODUCTION .................................................................................................... 1

BACKGROUND ....................................................................................................... 2

    Plaintiffs and Their Claims ................................................................................ 2

    The Beaumont Coffee Label .............................................................................. 3

ARGUMENT ............................................................................................................ 5

    I.      PLAINTIFFS LACK STANDING. ........................................................ 5

           A.    Plaintiffs lack standing to pursue claims for products they
               did not purchase ................................................................................ 6

           B.    Plaintiffs fail to plead a non-speculative, particularized
               injury-in-fact. ................................................................................... 6

           C.    Plaintiffs did not invoke the Aldi "Double Guarantee"
               remedy ................................................................................................ 7

           D.    Plaintiffs cannot seek injunctive relief because they have
               not alleged a likely future injury ................................................... 8

    II.    THE COMPLAINT FAILS TO STATE A CLAIM. ................................ 8

           A.    Diamond's allegations do not establish a violation of
               California consumer protection laws ............................................ 9

                   1.    Diamond has no claim under the FAL. .............................. 9

                   2.    Plaintiffs allege no unfair competition under the
                       UCL. ..................................................................................... 11

                   3.    Diamond's CLRA claim is derivative of her UCL and
                       FLA claims. ........................................................................ 12

            B.    Brodsky does not allege a violation of New York's General
               Business Law .................................................................................. 13

                   1.    The Beaumont labels are not deceptive. ........................... 13

i

2. Plaintiffs suffered no cognizable injury. .......................... 14

C. Plaintiffs' breach of warranty claims must be dismissed. ......... 14

CONCLUSION............................................................................. 16

# TABLE OF AUTHORITIES

Page

**CASES**

*Allen v. Wright,*
   468 U.S. 737 (1984) ................................................................ 5

*Armond Cassil Co. v. Atlantic Track & Turnout Co.,*
   1991 WL 139865 (N.D. Ill. Jul. 22, 1991) ................................. 3

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ............................................................. 8, 9

*Berryman v. Merit Prop. Mgmt., Inc.,*
   152 Cal. App. 4th 1544 (2007) ................................................ 11

*Burr v. Sherwin Williams Co.,*
   42 Cal.2d 682 (1954) ............................................................ 15

*Buso v. ACH Food Companies, Inc.,*
   445 F. Supp. 3d. 1033 (S.D. Cal. 2020) ................................... 10

*Camasta v. Jos. A. Bank Clothiers Inc.,*
   761 F.3d 732 (7th Cir. 2014) ................................................... 8

*Cowen v. Lenny & Larry's Inc.,*
   2017 WL 45772201 (N.D. Ill. Oct. 12, 2017) ............................ 6

*Davis v. G.N. Mortg. Corp.,*
   396 F.3d 869 (7th Cir. 2005) ................................................. 14

*Davis v. Hain Celestial Grp., Inc.,*
   297 F. Supp. 3d 327 (E.D.N.Y. 2018) .................................... 13

*Drum v. San Fernando Valley Bar Ass'n,*
   182 Cal. App. 4th 247 (2010) ................................................. 12

*Ebner v. Fresh, Inc.,*
   838 F.3d 958 (9th Cir. 2016) ................................................... 9

*Eike v. Allergan, Inc.,*
   850 F.3d 315 (7th Cir. 2017) ................................................... 7

*Faistl v. Energy Plus Holdings, LLC,*
   2012 WL 3835815 (D.N.J. Sept. 4, 2012) ............................... 10

iii

*Feather River Trailer Sales, Inc. v. Silla,*
    96 Cal. App. 3d 234 (1979) ..................................................................... 9

*Fink v. Time Warner Cable,*
    714 F.3d 739 (2d Cir. 2013) .................................................................. 13

*Fink v. Time Warner Cable,*
    837 F. Supp. 2d. 279 (S.D.N.Y. 2011) ................................................... 10

*Freeman v. Time, Inc.,*
    68 F.3d 285 (9th Cir. 1995) ..................................................................... 9

*Gadelhak v. AT&T Services, Inc.,*
    950 F.3d 458 (7th Cir. 2020) ................................................................... 5

*Geske v. PNY Technologies, Inc.,*
    2020 WL 7042887 (N.D. Ill. Nov. 30, 2020) ......................................... 8

*Hadley v. Kellogg Sales Co.,*
    243 F. Supp. 3d 1074 (N.D. Cal. 2017) ................................................. 11

*Hecker v. Deere & Co.,*
    556 F.3d 575 (7th Cir. 2009) ................................................................... 3

*Holstein v. City of Chicago,*
    29 F.3d 1145 (7th Cir. 1994) ................................................................... 7

*In re Outlaw Lab.,* LLP,
    463 F. Supp. 3d 1068 (S.D. Cal. May 29, 2020) ..................................... 9

*Izquierdo v. Mondelez Int'l, Inc.,*
    2016 WL 6459832 (S.D.N.Y. Oct. 26, 2016)......................................... 14

*Jessani v. Monini N. Am., Inc.,*
    744 F. App'x. 18 (2d Cir. 2018) ............................................................ 13

*Kearns v. Ford Motor Co.,*
    567 F.3d 1120 (9th Cir. 2009) ............................................................... 13

*Khan v. Med. Bd.,*
    12 Cal. App. 4th 1834 (1993)................................................................. 10

*Knowles v. Arris Int'l PLC,*
    2019 WL 3934781 (N.D. Cal. Aug. 20, 2019)....................................... 10

*Koenig v. Boulder Brands, Inc.,*
    995 F. Supp. 2d 274 (S.D.N.Y. 2014) ................................................... 15

iv

*Kommer v. Bayer Consumer Health,*
    252 F. Supp. 3d 304 (S.D.N.Y. 2017) .................................................................. 14

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992) ............................................................................................ 5

*MacRae v. HCR Manor Care Servs.,*
    No. SACV 14–0715–DOC, 2014 WL 3605893 (C.D. Cal. July 21, 2014) ............. 12

*Maloney v. Verizon Internet Servs., Inc.,*
    413 F. App'x 997 (9th Cir. 2011) ...................................................................... 10

*Mexicali Rose v. Superior Court,*
    822 P.2d 1292 (Cal. 1992) ……………………………………………...………….15

*McMorrow v. Mondelez Int'l, Inc.,*
    2018 WL 3956022 (S.D. Cal. Aug. 17, 2018) ...................................................... 15

*Orlander v. Staples, Inc.,*
    802 F.3d 289 (2d Cir. 2015) ............................................................................... 14

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank,*
    N.A., 647 N.E.2d 741 (N.Y. 1995) ..................................................................... 13

*Paramount Farms Intern. LLC v. Ventilex B.V.,*
    500 Fed. Appx. 586 (9th Cir. 2012) ................................................................... 15

*Parvati Corp. v. City of Oak Forest, Ill.,*
    630 F.3d 512 (7th Cir. 2010) ............................................................................... 5

*Payton v. Cnty. of Kane,*
    308 F.3d 673 (7th Cir. 2002) ............................................................................... 6

*Portney v. CIBA Vision Corp.,*
    2009 WL 305488 (C.D. Cal. Feb. 6, 2009)........................................................... 12

*Resnick v. Hyundai Motor America, Inc.,*
    No. CV 16-00593-BRO, 2017 WL 1531192 (C.D. Cal. Apr. 13, 2017) ................. 11

*Richter v. CC-Palo Alto, Inc.,*
    176 F. Supp. 3d 877 (N.D. Cal. 2016) ................................................................ 12

*Small v. Lorillard Tobacco Co.,*
    94 N.Y.2d 43 (1999) ........................................................................................... 14

*Spokeo, Inc. v. Robins,*
    136 S. Ct. 1540 (2016) ......................................................................................... 5

*Strama v. Toyota Motor Sales, USA, Inc.*,
   No. 15 C 9927, 2016 WL 561936 (N.D. Ill. Feb. 12, 2016) ....................................... 7

*Tapia v. Davol, Inc.*,
   116 F. Supp. 3d 1149 (S.D. Cal. Jul. 28, 2015) .................................................... 15

*Tears v. Boston Scientific Corp.*,
   344 F. Supp. 3d 500 (S.D.N.Y. 2018) ................................................................ 15

*Weinstat v. Dentsply Int'l, Inc.*,
   103 Cal. Rptr. 3d 614 (2010) ........................................................................ 15

*Werbel ex rel. v. Pepsico, Inc.*,
   No. C 09-04456 SBA, 2010 WL 2673860 (N.D. Cal. July 2, 2010) .......................... 9

*Whitmore v. Arkansas*,
   495 U.S. 149 (1990) ................................................................................... 5

*Williamson v. Reinalt-Thomas Corp.*,
   No. 5:11-CV-03548-LHK, 2012 WL 1438812 (N.D. Cal. Apr. 25, 2012) ............... 11

## STATUTES

Cal. Bus. & Prof. Code § 17200 ........................................................................ 9, 11

Cal. Bus. & Prof. Code § 17204 ........................................................................ 7

Cal. Bus. & Prof. Code § 17500 ........................................................................ 9, 10

Cal. Civ. Code § 1770 ................................................................................... 9

Cal. Com. Code § 2313 .................................................................................. 14

Cal. Com. Code § 2314(2)(f) ............................................................................ 15

N.Y. U.C.C. § 2-313 ..................................................................................... 14

N.Y. U.C.C. § 2-314 ..................................................................................... 15

New York Gen. Bus. Law § 349 ...................................................................... 13, 14

New York Gen. Bus. Law § 350 ...................................................................... 13, 14

## RULES

Fed. R. Civ. P. 12(b)(1) ................................................................................. 6, 7

Fed. R. Civ. P. 12(b)(6) ................................................................................. 8

Fed. R. Civ. P. 9(b) ................................................................................................ 13

RPC 3.3 ...................................................................................................................... 3

**OTHER AUTHORITIES**

https://www.aldi.us/en/about-aldi/return-policy .......................................... 4

*Standards and Technology,* Metric Cooking Resources,
    https://www.nist.gov/pml/weights-and-measures/metric-cooking-resources ......... 4

## INTRODUCTION

This putative nationwide false advertising class action is brought by two consumers against Pan American Coffee Co., LLC (Pan American), a family-owned private label coffee roaster, and Aldi Inc. (Aldi), its supermarket chain customer.[1] Plaintiffs claim that Aldi's "Beaumont" brand private label coffee supplied by Pan American bears deceptive labels. Specifically, Plaintiffs claim the labels' statement the canisters "makes up to" 210 six-ounce cups of coffee cannot be achieved by measuring 1 tablespoon of grounds at a time—as recommended *only* when making a single serving of coffee. Plaintiffs allege they were denied the "benefit of the bargain."

Plaintiffs lack standing because they suffered no concrete, particularized injury. They do not allege the cannisters cannot produce the stated yield. Or that they sought Aldi's money back *and* product-replacement guarantee contained on the label of each cannister—an obvious and adequate remedy *twice* omitted in Plaintiffs' complaints––before suing. Neither plaintiff purchased decaffeinated Beaumont coffee from Aldi, although their claims include it. Both received what they bargained for—the amount of ground coffee advertised on the label. Even if Plaintiffs had not received what was promised, they could easily avoid any future "injury" by not buying Beaumont coffee.

The label plainly is not deceptive, misleading, or fraudulent. Coffee drinkers use different pots, spoons, measurements, and brewing techniques, create differing amounts of waste, and brew coffee at different strengths—mild, medium, strong, and endless variations thereof. The labels thus recommend to "[u]se more or less coffee to

---

[1] Coffee Holding Company, Inc., another alleged Aldi coffee supplier, is also named as a defendant.

get desired strength" based on personal preference, rather than providing a rote formula. Read in context, no reasonable consumer would understand the "makes up to" language to guarantee a minimum number of cups of coffee. Plaintiffs' consumer protection claims fail, unless this Court is willing to rewrite the label for their benefit.

## **BACKGROUND**

### **Plaintiffs and Their Claims**

Plaintiffs Eileen Brodsky and Rhoda Diamond allege that they purchased Beaumont coffee from Aldi grocery stores in their home states of New York and California. Brodsky and Diamond purchased "a cannister" of Beaumont brand 100% Columbian Ground Coffee and Classic Roast, respectively, which labels state they make "up to" 210 six-ounce cups of coffee. (First Amended Class Action Complaint (FAC) [ECF #23], ¶¶4, 12-13.) Neither allegedly bought Decaffeinated brand coffee.

Focusing solely on the labels' recommendation to use one tablespoon of ground coffee and 6 fluid ounces of water for a single serving of coffee, and ignoring all other information on the labels, Plaintiffs claim that the "makes up to" yield cannot be achieved. *Id.* ¶¶3-7. In support of these claims, they provide a chart[2] that purports to show that all Beaumont coffee cannisters are "significantly underfilled." *Id.* ¶8.

Based on these "1:1" calculations, Plaintiffs allege that the Beaumont labeling is "false and misleading and omits material information" and "violate[s] consumers' reasonable expectations." *Id.* ¶20, 22-25. Plaintiffs allege they "relied to their detriment" on defendants' representations and suffered "monetary damages" because

---

[2] The Chart inconsistently states that Classic Roast yields 240 "Advertised Cups." FAC, ¶7.

they would not have purchased the coffee products, or would have paid less, had they "known the truth" about the serving yields. *Id.* ¶¶8, 14, 26. They further claim the false advertisements lead to "an artificial price increase." *Id.* ¶14. Plaintiffs thus allege they were deprived of the "benefit of the bargain" when they purchased Beaumont coffee from Aldi. *Id.* ¶25. Significantly, they do not allege they attempted to return the cannisters to the stores under Aldi's double back guarantee.

Plaintiffs seek to certify a nationwide class, and New York and California subclasses, of Beaumont consumers "who have not received a refund or credit for their purchase(s)." *Id.* ¶¶28-30. Alleging violations of various consumer protection statutes, Plaintiffs seek restitution, statutory penalties, costs, and attorneys' fees. They also seek injunctive relief because, although they "greatly enjoy Beaumont coffee," they supposedly cannot trust that they will not "again, by mistake" purchase Beaumont coffee with a similar label. *Id.* ¶¶15-16, 21; Prayer for Relief.

### The Beaumont Coffee Label

Although Plaintiffs claim they were deceived by the label on their coffee they purchased, the FAC, like the initial Complaint, disingenuously does not include a complete legible copy.[3] In actuality, the label on each can of Beaumont coffee contains five important elements.[4]  First, the amount of coffee is represented in the "Net

---

[3] This is exceptionally egregious because Defendants provided the full label, including the Aldi Double Guarantee, in their initial Motion to Dismiss. ECF #16 at 11. Except for a few words changes, an attempt to clarify the product Diamond purchased, and the dropping of the New York implied warranty claim, the complaints are identical and glaringly omit Aldi's guarantee. Whether due to carelessness or an intent to mislead, this now arguably runs afoul of RPC 3.3 (Candor to the Tribunal).  *Compare Armond Cassil Co. v. Atlantic Track & Turnout Co.*, 1991 WL 139865 (N.D. Ill. Jul. 22, 1991).

[4] It is within the court's discretion to consider documents such as the label to which the complaint refers that are concededly authentic and central to plaintiffs' claims. *Hecker v. Deere & Co.,* 556 F.3d 575, 582 (7th Cir. 2009).

Weight" of the contents of the cannister, and is provided in ounces, pounds, and grams. Second, the "Brewing Instructions" direct the consumer to "[f]ill coffee pot to desired level." They recommend using "1 Tbsp" of ground coffee for "1 Serving (6 fl. oz)" of water. The brewing instructions also contain two additional, convenient measurements for social settings: 10 servings (½ cup of coffee) [5] and 30 servings (1½ cups of coffee). Third, in recognition of the myriad ways consumers brew and enjoy their coffee, the "Qualification" advises "[u]se more or less coffee to get desired strength." Fourth, the "makes up to" statement provides the cannister's potential yield. Last, the "Aldi Double Guarantee" provides that, if a customer is dissatisfied, Aldi will "Replace The Product" and "Refund Your Money."[6] Plaintiffs sued instead.



---

[5] Notably, a ½ measuring cup equals 8 tablespoons, yet makes 10 cups of coffee—less than plaintiffs' 1:1 ratio would require. *See* UNITED STATES DEP'T OF COM., *National Institute of Standards and Technology,* Metric Cooking Resources, https://www.nist.gov/pml/weights-and-measures/metric-cooking-resources, (last visited June 17, 2021).

[6] Aldi's website explains its "Twice as Nice Guarantee":

> If for any reason you are not 100% satisfied with the quality of any product, we will gladly replace the product AND refund your money. To receive the Twice as Nice Guarantee, the product packaging and any unused product must be returned to your local ALDI store manager. https://www.aldi.us/en/about-aldi/return-policy/ (last visited June 17, 2021).

Significantly, the label does not state that: 1) tablespoons are recommended for making any quantity of coffee above a single serving; 2) the cannister's yield is based on tablespoons of ground coffee; or 3) the cannister's weight and yield are formulaically related. In fact, the instructions clearly state that the consumer should use less coffee grounds during higher yield brewing. Only a decontextualized, unreasonable reading of the label would allow a conclusion that the yield's upper limit can be achieved by making single portions of coffee one tablespoon at a time.

## **ARGUMENT**

### I.   **PLAINTIFFS LACK STANDING.**

As a threshold matter, a complaint "must clearly and specifically set forth facts sufficient to satisfy [the] Article III standing requirement," *Whitmore v. Arkansas*, 495 U.S. 149, 155-56 (1990). Standing requires facts showing "(1) an injury-in-fact; (2) fairly traceable to the defendant's action; and (3) capable of being redressed by a favorable decision from the court." *Parvati Corp. v. City of Oak Forest, Ill.*, 630 F.3d 512, 516 (7th Cir. 2010) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Allen v. Wright*, 468 U.S. 737, 751 (1984)). "The asserted injury must be both (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Parvati*, 630 F.3d at 516 (citing *Lujan*, 504 U.S. at 560). "To qualify as 'concrete,' an injury must be 'real' rather than 'abstract'—that is, 'it must actually exist.'" *Gadelhak v. AT&T Services, Inc.*, 950 F.3d 458, 461 (7th Cir. 2020) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016)). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo*,

136 S. Ct. at 1548 (citations omitted). When the Plaintiffs' allegations do not establish standing, the complaint must be dismissed. Fed. R. Civ. P. 12(b)(1).

### A. Plaintiffs lack standing to pursue claims for products they did not purchase.

Against this backdrop, Plaintiffs cannot assert claims related to products they did not purchase, such as Beaumont decaffeinated coffee. (FAC, ¶¶ 4, 12-13.) *See Cowen v. Lenny & Larry's Inc.,* 2017 WL 45772201, at *3 (N.D. Ill. Oct. 12, 2017) (dismissing claims for products plaintiffs did not purchase in false advertising suit because the injury-in-fact element of standing cannot be satisfied). Nor can Plaintiffs acquire standing by "piggybacking" on purported injuries of unnamed class members. *See Payton v. Cnty. of Kane*, 308 F.3d 673, 682 (7th Cir. 2002).

### B. Plaintiffs fail to plead a non-speculative, particularized injury-in-fact.

What's more, Plaintiffs have not alleged a concrete and particularized injury arising from their own purchases of Beaumont coffee. Although Plaintiffs claim they received "less than the advertised amount of coffee they believe[d] they [were] purchasing" (FAC, ¶3; *see also* ¶¶8, 14) and were deprived of the "benefit of their bargain" (*id*. ¶25), the FAC does not support these conclusions. There is no dispute that Plaintiffs received the amount of coffee advertised by weight. And there is no allegation that amount of coffee cannot produce the stated yield in all cases. All Plaintiffs allege is that they could not do so while making individual servings of coffee—something that was never promised or advertised. Plaintiffs do not allege that the stated number of cups cannot be brewed by making multiple servings at a time, using "less coffee to get [the] desired strength," as the labels instruct. Plaintiffs'

6

frustrated subjective expectations do not satisfy standing because such "disappointment . . . fail[s] to allege 'an invasion of a legally protected interest.'" *Eike v. Allergan, Inc.*, 850 F.3d 315, 318 (7th Cir. 2017) (citations omitted).[7]

### C. Plaintiffs did not invoke the Aldi "Double Guarantee" remedy.

Even if Plaintiffs could establish some injury arising from their coffee purchases, they cannot overcome the fact that Aldi offered them an adequate remedy they chose to forego. Had Plaintiffs taken advantage of Aldi's "Double Guarantee," they would have received a refund negating any claimed "overpayment" *and* a free replacement product, giving them more than the "benefit of their bargain." Instead of seeking this remedy, they sued. But where, as here, Plaintiffs can obtain adequate relief without resorting to litigation, they lack any cognizable stake in the outcome of the proceedings and standing. *See Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake."); *Strama v. Toyota Motor Sales, USA, Inc.*, No. 15 C 9927, 2016 WL 561936, at *3 (N.D. Ill. Feb. 12, 2016) (plaintiff's failure to seek repair and reimbursement under defendant's enhanced warranty program was fatal to their standing).

---

[7] For the same reasons, Plaintiffs cannot establish statutory standing under the UCL and CLRA. Cal. Bus. & Prof. Code §17204 (plaintiff must suffer "injury in fact and . . . lost money . . . as a result of the unfair competition.")

**D.  Plaintiffs cannot seek injunctive relief because they have not alleged a likely future injury.**

Plaintiffs also lack standing to seek injunctive relief. Plaintiffs allege they "are susceptible to … reoccurring harm" because they want to continue purchasing the coffee products, but are uncertain whether defendants have "corrected this deceptive and false advertising scheme." (FAC, ¶15)  Plaintiffs also claim they "may again, by mistake, purchase a falsely-advertised product from Defendants under the mistaken impression" that Defendants have corrected the label. (*Id*. ¶16.)  But, because Plaintiffs are aware of the supposedly deceptive label, it is unlikely they would suffer future harm. *See Camasta v. Jos. A. Bank Clothiers Inc.*, 761 F.3d 732, 741 (7th Cir. 2014) ("Since Camasta is now aware of JAB's sales practices, he is not likely to be harmed by the practices in the future."). *See also Geske v. PNY Technologies, Inc.*, 2020 WL 7042887, at *10 (N.D. Ill. Nov. 30, 2020) (no basis for injunction where plaintiff is aware product is deficient because she will not purchase it again).  Thus, Plaintiffs lack standing and their claim for injunctive relief must be dismissed.

## II.  THE COMPLAINT FAILS TO STATE A CLAIM.

In addition to lacking standing, the FAC fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiffs' naked allegations that the labels are false, misleading and deceptive are inadequate because Fed. R. Civ. P. 12(b)(6) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Plaintiffs single-serving theory offers no plausible explanation of why or how their "injuries" were not caused by "obvious alternative explanations[.]"

8

*See Twombly,* 550 U.S. at 567. Accordingly, the FAC should be dismissed for failure to state a claim.

### A. Diamond's allegations do not establish a violation of California consumer protection laws.

California's consumer protection laws prohibit "unlawful, unfair, or fraudulent business practices." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (citing Cal. Bus. & Prof. Code §§ 17200, 17500, and Cal. Civ. Code § 1770). The UCL, CLRA, and FAL are all governed by the "reasonable consumer" test, which requires a plaintiff to "show that members of the public are likely to be deceived" by the challenged conduct. *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) (internal quotation omitted). "The reasonable consumer standard requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Ebner*, 838 F.3d at 965 (internal quotation omitted). This threshold inquiry is uniquely resolvable on a motion to dismiss where the alleged misrepresentation is based on a product label. *Werbel ex rel. v. Pepsico, Inc.,* No. C 09-04456 SBA, 2010 WL 2673860 at *3 (N.D. Cal. July 2, 2010).

### 1. Diamond has no claim under the FAL.

To establish a false advertising claim under the FAL, a plaintiff must show that the defendant "induce[d] the public to enter into [an] obligation based on a statement that is untrue or misleading, and which is known, or which by the existence of reasonable care should be known, to be untrue or misleading." *In re Outlaw Lab.*,

LLP, 463 F. Supp. 3d 1068, 1086 (S.D. Cal. May 29, 2020) (quotations omitted); *See also* Cal. Bus. & Prof. Code § 17500.[8]

The Beaumont coffee labels are not deceptive or misleading. They indisputably list the cannisters' net weight in pounds, ounces and/or grams. *See Buso v. ACH Food Companies, Inc.,* 445 F. Supp. 3d. 1033, 1038 (S.D. Cal. 2020) (no deception where "cornbread mix package discloses the product's net weight and the approximate number of servings per container"). The labels state that, depending on a number of factors, including desired strength and number of cups brewed at a time, the amount of coffee in the cannister "makes up to" a certain yield. It does not state the yield is based on single serving tablespoon measurements. Plaintiffs' assertions notwithstanding, "[a] reasonable consumer would not have been deceived . . . [by] the qualifier 'up to' (meaning the same or less than). . . ." *Maloney v. Verizon Internet Servs., Inc.*, 413 F. App'x 997, 999 (9th Cir. 2011); *see also Knowles v. Arris Int'l PLC,* 2019 WL 3934781, at *14 (N.D. Cal. Aug. 20, 2019) ("Arris's statements … include the qualifier 'up to,' s[o] [] no reasonable consumer would believe that Arris guarantees gigabit download speeds and 32 download channels."); *Fink v. Time Warner Cable,* 837 F. Supp. 2d 279, 283-84 (S.D.N.Y. 2011) (the "qualifi[cation] by the phrase 'up to[]' … would lead a reasonable consumer to expect that speeds could be less than [ ] advertised"); *Faistl v. Energy Plus Holdings, LLC*, 2012 WL 3835815, at *4 (D.N.J. Sept. 4, 2012) (dismissing fraud claim because the phrase "'save up to

---

[8] Under the FAL, there is no requirement that the defendant intended to mislead the public or have actual knowledge of the falsity of the advertisement. Bus. & Prof. Code. § 17500; *Feather River Trailer Sales*, *Inc. v. Silla*, 96 Cal. App. 3d 234 (1979); *Khan v. Med. Bd.*, 12 Cal. App. 4th 1834, 1845-1846 (1993).

10[%]' does not, without more, guarantee any particular percentage of savings"). Thus, Diamond cannot maintain her FAL claim.

### 2. Plaintiffs allege no unfair competition under the UCL.

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice[.]" Bus. & Prof. Code § 17200 *et seq*. Because the UCL "is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007).

The "unlawful" prong of the UCL "borrows" violations of other laws and treats them as unlawful practices actionable under the UCL. *Berryman*, 152 Cal. App. 4th at 1554; *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1094 (N.D. Cal. 2017); *Resnick v. Hyundai Motor America, Inc.*, No. CV 16-00593-BRO, 2017 WL 1531192, at *18 (C.D. Cal. Apr. 13, 2017).[9] The UCL's "unfair" prong prohibits a business practice that "violates established public policy or is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *Hadley*, 243 F. Supp. 3d at 1104.[10] To state a claim under the UCL's "fraudulent" prong, a plaintiff must show that the defendant's alleged conduct is "likely to deceive" a "reasonable consumer." *Hadley*, 243 F. Supp. 3d at 1089; *see also Williamson v.*

---

[9] Under the unlawful prong of the UCL, a plaintiff must plead facts plausibly alleging violation of another statute. *See Hadley*, 243 F. Supp. 3d at 1094 ("If a plaintiff cannot state a claim under the predicate law, however, the UCL claim also fails) (internal quotation marks omitted); *Resnick*, 2017 WL 1531192, at *18 (same).

[10] Although the test for what constitutes an "unfair" business practice under California law is unsettled, where the alleged unfair business practice "overlap[s] entirely" with the business practice alleged to violate one or both of the other prongs of the UCL, which claim is dismissed, the "unfair" claim cannot survive. *Hadley*, 243 F. Supp. 3d at 1104-05.

*Reinalt-Thomas Corp.*, No. 5:11-CV-03548-LHK, 2012 WL 1438812, at *12 (N.D. Cal. Apr. 25, 2012) (same).

Diamond's UCL claim fails on all grounds. First, the FAC fails to allege defendants violated any applicable statute. *See Portney v. CIBA Vision Corp.,* 2009 WL 305488, at *7 (C.D. Cal. Feb. 6, 2009). Second, the label is not immoral, unethical, or oppressive: it does not represent that the cannisters contain the same number of tablespoons as the "makes up to" figure, a 1:1 ratio will produce the maximum potential yield, or the yield will not depend on a consumer's individual brewing habits and taste preferences. Plaintiffs also do not allege that their "injury" is substantial and is outweighed by the product's benefit. *Drum v. San Fernando Valley Bar Ass'n,* 182 Cal. App. 4th 247, 257 (2010). Third, as argued above in subsection 1, no reasonable consumer would be deceived by the label.

### 3. Diamond's CLRA claim is derivative of her UCL and FLA claims.

To state a claim under the CLRA, a plaintiff must show that: (1) the consumer was exposed to an unlawful business practice, and (2) the consumer was damaged by the allegedly unlawful practice. *MacRae v. HCR Manor Care Servs.*, No. SACV 14–0715–DOC (RNBx), 2014 WL 3605893, at *3 (C.D. Cal. July 21, 2014). Additionally, a CLRA claim based in fraud requires reliance. *Id. See also Richter v. CC-Palo Alto, Inc.*, 176 F. Supp. 3d 877, 899 (N.D. Cal. 2016). In this case, Diamond's CLRA claim is based on alleged violations the UCL and FLA. Thus, because Diamond cannot

12

establish in the first instance that the labels violate the UCL or the FLA, or damaged her, her CLRA claim cannot stand.[11]

### B. Brodsky does not allege a violation of New York's General Business Law.

Brodsky similarly fails to plead a violation of New York's consumer protection laws. Like California, New York's consumer protection laws prohibit "[d]eceptive acts or practices" and "false advertising" in the conduct of business, trade, or commerce. GBL §§ 349, 350. And like California, New York courts have adopted a reasonable consumer test for such claims. *See, e.g., Jessani v. Monini N. Am., Inc.*, 744 F. App'x. 18, 19 (2d Cir. 2018). Thus, "to survive a motion to dismiss, plaintiff must allege statements that were 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Davis v. Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 334 (E.D.N.Y. 2018) (quoting O*swego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, N.A., 647 N.E.2d 741, 745 (N.Y. 1995)). "It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) (citations omitted).

### 1. The Beaumont labels are not deceptive.

As with Diamond's California-law claims, Brodsky's New York-law claims should be dismissed because the "makes up to" statement is not misleading or deceptive. *See*

---

[11]The conclusory allegations that the labels' false advertisements "led to an artificial price increase" (FAC, ¶14), do not explain how demand increased, by how much, in what markets, and for which consumers and thus separately fails Rule 9(b)'s heightened pleading standard. *See, e.g., Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009).

*Kommer v. Bayer Consumer Health*, 252 F. Supp. 3d 304, 312 (S.D.N.Y. 2017) ("Assuming that a reasonable consumer might ignore the evidence plainly before him attributes to consumers a level of stupidity" that is not actionable.); *see also Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 884 (7th Cir. 2005) (the "allegedly deceptive act must be looked upon in light of the totality of the information made available to the plaintiff.").

### 2. Plaintiffs suffered no cognizable injury.

Furthermore, Brodsky's claims require plausible allegations that "on account of a materially misleading practice, [she] purchased a product and did not receive the full value of [her] purchase." *Orlander v. Staples, Inc.*, 802 F.3d 289, 302 (2d Cir. 2015). Here, because Brodsky does not dispute that she received the amount of coffee advertised, her "underfill" theory does not plead a cognizable injury under GBL § 349 or 350. *See Izquierdo v. Mondelez Int'l, Inc.*, 2016 WL 6459832 (S.D.N.Y. Oct. 26, 2016) at *7 (rejecting as "flawed" plaintiffs' theory that consumers who buy a "slack filled" product they would not have purchased, absent a manufacturer's deceptive commercial practices, are injured under General Business Law § 349); *see also Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 56-57 (1999).

### C. Plaintiffs' breach of warranty claims must be dismissed.

Finally, Plaintiffs cannot establish that Pan American or Aldi breached any warranty. California and New York both provide that an express warranty is "any affirmation of fact or promise made by the seller to the buyer that relates to the goods and becomes part of the basis of the bargain." Cal. Com. Code § 2313; N.Y. U.C.C. §

2-313.[12]  For implied warranties, California has adopted U.C.C. § 2-314, which provides that "[g]oods to be merchantable must ... [c]onform to the promises or affirmations of fact made on the container or label if any."  Cal. Com. Code § 2314(2)(f).[13]

Plaintiffs' breach of warranty claims fail for three distinct reasons. First, the label contains no express affirmation or promise that the "makes up to" figure is achievable under all circumstances, much less by using Plaintiffs' 1:1 ratio.  Second, the implied warranty claim fails because Plaintiffs do not allege that the product is unfit for human consumption.  *See Mexicali Rose v. Superior Court,* 822 P.2d 1292, 1301 (Cal. 1992).  Last, Plaintiffs lack privity with Pan American. "[P]rivity is an essential element of a cause of action for breach of express warranty, unless the plaintiff claims to have been personally injured." *Tapia v. Davol, Inc.*, 116 F. Supp. 3d 1149, 1160 (S.D. Cal. Jul. 28, 2015) (citing *Burr v. Sherwin Williams Co.*, 42 Cal.2d 682, 695 (1954)); *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 290 (S.D.N.Y. 2014). The same is true for the California implied warranty claims. *Paramount Farms Intern. LLC v. Ventilex B.V.*, 500 Fed. Appx. 586, 588 (9th Cir. 2012).

---

[12] Under California law, a plaintiff must prove that "(1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached." *Weinstat v. Dentsply Int'l, Inc.*, 103 Cal. Rptr. 3d 614, 626 (2010). Under New York law, "[a] successful breach of express warranty claim requires proof that such an affirmation or promise existed, that it was breached, and that plaintiff detrimentally relied on the warranty." *Tears v. Boston Scientific Corp.*, 344 F. Supp. 3d 500, 512 (S.D.N.Y. 2018).

[13] When an "implied warranty of merchantability cause of action is based solely on whether the product in dispute conforms to the promises or affirmations of fact on the packaging of the product, the implied warranty of merchantability claim rises and falls with express warranty claims brought for the same product." *McMorrow v. Mondelez Int'l, Inc.*, 2018 WL 3956022, at *13 (S.D. Cal. Aug. 17, 2018) (alterations omitted).

## CONCLUSION

For the foregoing reasons, the Court should grant Pan American and Aldi's motion to dismiss the First Amended Complaint.

Dated: June 22, 2021       */s/ Joshua D. Lee*

Joshua D. Lee
**RILEY SAFER HOLMES & CANCILA LLP**
70 W. Madison Street, Suite 2900
Chicago, IL 60602
(312) 471-8700

Steven P. Benenson (*pro hac vice*)
Ahmed J. Kassim (*pro hac vice*)
**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
Morristown, NJ 07962
(973) 538-4006

*Attorneys for Defendants*
*Pan American Coffee Co. LLC & Aldi Inc.*

## **CERTIFICATE OF SERVICE**

I, Joshua D. Lee, certify that on June 22, 2021, I served a copy of the foregoing document electronically using the Court's CM/ECF system, which will automatically generate notice of this filing to all Counsel of Record.

/s/ *Joshua D. Lee*

17